UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KOHLER COMPANY,

        Plaintiff,

v.                              Case No. 21-CV-1307

TRUENORTH COLLECTIVE LLC, et al.,

        Defendants.

## DECISION AND ORDER

**1. Background**

The following facts are taken from the complaint.

Plaintiff Kohler Company is a Wisconsin corporation. (ECF No. 1, ¶ 1.) It is "one of America's oldest and largest privately held companies," employing "more than 31,000 employees on six continents." (*Id.*, ¶ 11.) In addition to being "a leader in the manufacture of kitchen and bath products, engines and power generation systems, cabinetry, tile, and home interiors," Kohler is also "committed to making an impact on global sustainability." (*Id.*, ¶¶ 11, 12.) "To that end, Kohler built and fostered a robust and highly skilled sustainability team to, among other things, focus on product design, product development, and process innovation to achieve its sustainability goals." (*Id.*,

¶ 13.) Defendants Jeff Zeman, Jana Fogarty, Theresa Millard, Olivia Fritz, Christopher Carter, and Cher Xue are all former Kohler employees who worked on its sustainability team. (*See id.*)

Kohler terminated Zeman in October 2020. (ECF No. 1, ¶ 2.) Shortly after his termination, Zeman formed defendant TrueNorth Collective, LLC. (*Id.*, ¶ 43.) Kohler alleges that Zeman "aggressively solicited numerous Kohler employees to resign their employment with Kohler and begin their employment with TrueNorth." (*Id.*) Indeed, by September 2021, Fogarty, Millard, Carter, Fritz, and Xue had all left Kohler and joined Zeman at TrueNorth. (*See id.*, ¶¶ 44, 46.)

Kohler alleges that before their departures each of these six former employees "accessed and copied" electronic files and documents that

> included highly confidential and proprietary information regarding Kohler's sustainability program, templates developed by Kohler for its sustainability efforts, contact information for potential Kohler customers, financial information and contract terms relating to Kohler's suppliers (including cost information for some of its vendors), software training materials developed by and for Kohler, product information, research and development data, training documents, and Kohler's goals and strategies.

(ECF No. 1, ¶¶ 49, 51.) Kohler claims that these files and documents remain in the defendants' possession (*id.*), and that "Fogarty, Millard, Fritz, Carter, and Xue have disclosed, used, and relied upon, and are disclosing, using, and relying upon, Kohler's trade secrets and highly confidential information in their new roles at TrueNorth." (*Id.*, ¶ 54).

Kohler brought this lawsuit alleging a breach of contract claim against each individual defendant, a claim for violation of the federal Defend Trade Secrets Act against all of the defendants, a claim for violation of the Wisconsin Uniform Trade Secrets Act against all of the defendants, and a claim for tortious interference with contractual relations against TrueNorth. In pleading its breach of contract claims, Kohler alleges that Zeman, Fogarty, Millard, Carter, Fritz, and Xue breached their respective employment agreements "by taking and failing to return Kohler's confidential information upon the termination of [their] employment and by … using and disclosing such trade secrets and confidential information." (*See, e.g.*, ECF No. 1, ¶ 68.) Relatedly, in pleading its tortious interference with contractual relations claim, Kohler alleges that TrueNorth tortiously interfered with the individual defendants' respective employment agreements by "allowing" them to violate those agreements "by using and disclosing Kohler's trade secrets and other confidential information." (*Id.*, ¶ 148.)

The defendants move to dismiss Kohler's breach of contract claims (Claims I-VI) and its tortious interference with contractual relations claim (Claim IX). (ECF No. 19 at 17.) That motion has been fully briefed and is ready for resolution. All parties have consented to the full jurisdiction of this court. (ECF Nos. 13, 14, 15.)

**2. Applicable Law**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."" *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

**3. Analysis**

**3.1. Kohler's Breach of Contract Claims, Claims I-VI**

The defendants argue that Kohler's breach of contract claims, Claims I-VI of its complaint, should be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 19 at 3.) They argue that those claims "fail because the Employment Agreements all contain invalid restrictive covenants under Wisconsin law—a fact which renders all of the agreements unenforceable." (*Id.*) Because the agreements are unenforceable, Kohler's breach of contract claims fail "to state a cause of action upon which this Court could grant relief, warranting dismissal." (*Id.*)

The "invalid restrictive covenants" that the defendants point to are the "Confidential Information" and "Non-Competition" provisions present in each of the individual defendants' employment agreements. (ECF No. 19 at 5.) The Confidential Information provision reads:

> I will not disclose Confidential Information during my employment, or thereafter, or use such Confidential Information for personal gain or in employment elsewhere. This prohibition on the use and disclosure of Confidential Information shall apply only for a period of (a) two years, or (b) until such Confidential Information shall become public knowledge or publicly available without any contribution by me in causing such Confidential Information to become public knowledge, or until other legal disclosure of such Confidential Information shall be made, whichever period is shorter, and shall apply only in geographic areas in which the unauthorized use or disclosure of Confidential Information would be competitively valuable.

(*See* ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7.) The Non-Competition provision reads:

> During my employment and for a period of one (1) year from the date of the termination of my employment, whether voluntary or involuntary, I agree not to accept employment with any entity in a line of business which is competitive with the line(s) of Kohler's business in which I worked during the immediate twelve (12) months prior to my termination if such employment is in a capacity in which the Confidential Information I have acquired during the twelve (12) months prior to termination of my employment would be competitively valuable. It is understood, however, that I may accept employment with a diversified company, so long as my new employment pertains solely to that part of its business which is not in competition with any business of Kohler.

(*See* ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7.)

The defendants argue that the language in the Confidential Information provision stating that it "shall apply only in geographic areas in which the

unauthorized use or disclosure of Confidential Information would be competitively valuable" renders the provision "invalid on its face because it not only fails to provide a specific territorial limitation, but it also purports to be applicable virtually anywhere in the world." (ECF No. 19 at 10.) In response Kohler argues that dismissal would be "inappropriate because determining the reasonableness of a noncompetition agreement necessarily depends on factual matters developed through discovery and litigation." (ECF No. 23 at 8.) Kohler gives several examples of the "numerous factual determinations" that it argues the defendants are asking the court to make, including "whether the geographic area of 'competitively valuable' is considered to be 'virtually anywhere in the world'" and "whether Kohler has demonstrated a protectable interest and that the restrictive covenants are reasonably necessary for its protection." (*Id.* at 10.)

"Restrictive covenants in Wisconsin are prima facie suspect as restraints of trade that are disfavored at law, and must withstand close scrutiny as to their reasonableness." *Star Direct, Inc. v. Dal Pra*, 2009 WI 76, ¶ 19, 319 Wis. 2d 274, 287–88, 767 N.W.2d 898, 905. The statute that governs restrictive covenants in Wisconsin reflects this suspicion. It provides:

> A covenant by an assistant, servant or agent not to compete with his or her employer or principal during the term of the employment or agency, or after the termination of that employment or agency, within a specified territory and during a specified time is lawful and enforceable only if the restrictions imposed are reasonably necessary for the protection of the employer or principal. Any covenant, described in this section, imposing an unreasonable restraint is illegal, void and unenforceable even as to any part of the covenant or performance that would be a reasonable restraint.

Wis. Stat. § 103.465.

To show that a restrictive covenant is unreasonable based on the pleadings alone, an employee must show that the covenant is unreasonable on its face without reference to any disputed facts. *See Henderson v. U.S. Bank, N.A.*, 615 F. Supp. 2d 804, 810 (E.D. Wis. 2009) (applying Wisconsin law) (internal citations omitted). In other words, the employee must show that the restrictive covenant is "unreasonable per se." *Id*. "This is a heavy burden, because courts normally consult the totality of the circumstances before deciding whether a restrictive covenant is reasonable." *Id.*

On the other hand, "[i]f the [employer] pleads factual content that is, on its face, not reasonable, then the [employer] has failed to state a claim upon which relief may be granted. In such instances, further development of the record is not necessary." *Share Corp. v. Momar Inc.*, No. 10-CV-109, 2011 WL 284273, at *3 (E.D. Wis. Jan. 26, 2011) (applying Wisconsin law). For example, a restrictive covenant that lacks "any time limitation" is "unreasonable per se." *Friemuth v. Fiskars Brands, Inc.*, 681 F. Supp. 2d 985, 989 (W.D. Wis. 2010) (applying Wisconsin law and collecting Wisconsin cases). Consequently, a claim based on an employment agreement containing such a covenant can be dismissed at the motion to dismiss stage because there is "no need for additional development of the record" in order for the court to conclude that the covenant—and as a result, the employment agreement—is unenforceable. *See id.* at 989-91.

"However, the Wisconsin Supreme Court has held that restrictive covenants lacking territorial limitations expressed in geographic terms are not unreasonable per se." *Henderson*, 615 F. Supp. 2d at 812 (collecting Wisconsin cases). An employer can substitute a territorial restriction with customer or client limitations. *See Rollins Burdick Hunter of Wisconsin, Inc. v. Hamilton*, 101 Wis. 2d 460, 466, 304 N.W.2d 752, 755 (1981); *see also Farm Credit Servs. of N. Cent. Wisconsin, ACA v. Wysocki*, 2001 WI 51, ¶¶ 13-14, 243 Wis. 2d 305, 314-15, 627 N.W.2d 444, 448-49; *Chuck Wagon Catering, Inc. v. Raduege*, 88 Wis. 2d 740, 754, 277 N.W.2d 787, 793 (1979).

Contrary to the defendants' argument that Kohler's prohibition on the use of confidential information "purports to be applicable virtually anywhere in the world," the prohibition is applicable "only in geographic areas in which the unauthorized use or disclosure of confidential information would be competitively valuable." Kohler argues that "competitively valuable" is undefined and "lacks any set of parameters" and is, therefore, unreasonable. (ECF No. 19 at 10-12.) But even if this court were to assume that the Confidential Information provision "fails to provide a specific territorial limitation," it cannot at this stage conclude that the provision is unreasonable per se. Because this court cannot conclude that the provision is unreasonable per se, it cannot conclude that the provision is unenforceable.

And whether although Kohler can "demonstrate a protectable interest and that the restriction is reasonably necessary for its protection" (ECF No. 19 at 11) will be determined later, either at summary judgment or at trial.

Likewise, this court cannot conclude that the Non-Competition provision is unreasonable per se. Indeed, there may be some set of facts under which this court could conclude that the Non-Competition provision is reasonable and therefore enforceable. *Cf. Sysco Food Servs. of E. Wis., LLC v. Ziccarelli*, 445 F. Supp. 2d 1039, 1051 (E.D. Wis. 2006); *Share Corp.*, 2011 WL 284273, at *3. As Kohler argues, whether that set of facts is present here is not a question to be answered on a motion to dismiss. (*See* ECF No. 23 at 8-10.)

Because this court cannot conclude that either the Confidential Information or Non-Competition provisions are unenforceable, it cannot conclude that the individual defendants' employment agreements are unenforceable. Therefore, the defendants' motion to dismiss Kohler's breach of contract claims is denied, and those claims can proceed.

**3.2. Kohler's Tortious Interference with Contract Claim, Claim IX**

The defendants argue that Kohler's tortious interference claim against TrueNorth fails because the individual defendants' employment agreements are unenforceable under Wisconsin law, and "[a] tortious inference with contract claim cannot exist if the

contract allegedly interfered with is unenforceable." (ECF No. 19 at 15.) Kohler responds that the court "should refuse to dismiss Kohler's tortious interference claim against TrueNorth because the employment agreements cannot be rendered unenforceable." (ECF No. 23 at 17.) As explained above, the court at this stage cannot conclude that the individual defendants' employment agreements are unenforceable. Therefore, the defendants' motion to dismiss Kohler's tortious interference with contract claim is denied, and that claim can proceed.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss is **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file a surreply (ECF No. 26) and the defendants' motion to strike or, in the alternative, for leave to file opposition to surreply (ECF No. 27) are denied as moot.

Dated at Milwaukee, Wisconsin this 23rd day of March, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate